Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 6549 | DATE | 7/31/2003 |
| CASE TITLE | Joseph J. Loveday vs. Village of Villa Park, et al | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER:  the Court denies the Village of Villa Park's motion to dismiss [5-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 21 |
| | Mail AO 450 form. | 03 JUL 31 PM 4:42 | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSEPH J. LOVEDAY, )
)
    Plaintiff, )
)
v. ) Judge Ronald Guzmán
)
VILLAGE OF VILLA PARK, an ) 02 C 6549
Illinois municipal corporation, )
JAMES CIHAK, in his individual )
Capacity, and ARTHUR STILLWELL, )
in his individual capacity, )
)
    Defendants. )

DOCKETED AUG 1 2003

## MEMORANDUM OPINION AND ORDER

Joseph Loveday has sued the Village of Villa Park, James Cihak, and Arthur Stillwell pursuant to 42 U.S.C. § 1983 ("section 1983") for violations of his Fourth Amendment rights. Before the Court is defendant Village of Villa Park's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the motion is denied.

## FACTS

The following facts, taken from Loveday's complaint, are assumed to be true for purposes of defendants' motion to dismiss. Loveday resided at 409 North Beverly, Villa Park, Illinois, with his wife, Lynne Loveday, and their children. (Compl. ¶ 7.) On September 15, 2000, after Loveday attended the Oktoberfest in Villa Park, Loveday and his son, Trevor, were driven home from the Oktoberfest by Mark Baader. (*Id.* ¶¶ 8-9.) When Loveday and Trevor returned home, Loveday was intoxicated. (*Id.* ¶ 10.) Lynne Loveday left the residence with Tara, Jenna, and Dayton, and went to her parents' home approximately two blocks away. (*Id.* ¶



11.) At her parents home, she telephoned the Villa Park police department and asked them if they would help her get her child, Trevor, from her husband. (*Id.* ¶ 12.) She informed them that she had a rule that her children were not to be with her husband when he was intoxicated. (*Id.* ¶ 12.) The Villa Park police department dispatched officers to the Loveday residence to retrieve Trevor. (*Id.* ¶ 13.) Defendant Cihak, a Village of Villa Park police officer, was the first officer to arrive at the Loveday residence. (*Id.* ¶¶ 5, 14.) When Cihak arrived at the Loveday residence, Loveday instructed Cihak to get off of the property because he did not know that his wife had called the police. (*Id.* ¶ 15.) Instead of responding to Loveday's request to get off the property, Cihak responded by shoving Loveday. (*Id.* ¶ 16.) In self-defense, Loveday pushed Cihak back. (*Id.* ¶ 17.) Cihak went to grab Loveday, who pushed back again in self-defense. (*Id.* ¶ 18.) Cihak grabbed the arm of Loveday, who escaped from Cihak's grip and ran into his residence, told Cihak that he was in trouble, and intended to telephone Cihak's supervisor. (*Id.* ¶ 19.) Then Loveday, who was chased by Cihak into his home, tripped on some blankets in his house, and was later jumped on by Cihak. (*Id.* ¶¶ 20, 21.) At that point, Cihak said to Loveday, "Give me your hands," which Loveday was unable to do because of Cihak's weight on Loveday's back. (*Id.* ¶ 22.) Cihak then sprayed Loveday with pepper spray on the side of Loveday's face and in his eyes and ear. (*Id.* ¶ 23.) Shortly thereafter, Stillwell, another Villa Park police officer, arrived and entered the Loveday residence. (*Id.* ¶¶ 6, 24.) After Stillwell arrived, he jumped on the lower left side of Loveday's back, knocking Cihak off of Loveday. (*Id.* ¶ 25.) Then Loveday was handcuffed and taken into custody. (*Id.* ¶ 26.)

## DISCUSSION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of

2

the complaint, not to decide the merits of the case. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). On a motion to dismiss, the court construes the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegation in the plaintiff's complaint must be taken as true. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In a section 1983 action against a municipality, the conventional system of notice pleading applies and there is no heightened pleading standard in these cases. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 165 (1993). To state a claim for municipal liability under 42 U.S.C. § 1983, the plaintiff must establish that the alleged constitutional deprivation was pursuant to an official policy, practice, or custom of the municipality. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 689 (1978). In addition, the Supreme Court has held that inadequate police training may support a section 1983 claim against a governmental entity. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). The circumstances under which municipal liability will attach to a failure to train case are in instances where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* This standard may be met if "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390.

Defendant Villa Park argues in its motion to dismiss that plaintiff fails to allege that

3

defendants had notice of any constitutional violations due to inadequate training of its officers to show that the municipal was deliberately indifferent. Defendant also argues that plaintiff fails to allege any constitutional violation resulting from Villa Park's purported inadequate training of its officers.

In *City of Canton v. Harris*, the Supreme Court noted that in certain cases based on the officers' duties, the need for more training is so obvious that inadequacy would likely result in the violation of constitutional rights, and policymakers can reasonably be said to have been deliberately indifferent. *Id.* at 390. In the instant case, taking plaintiff's allegations as true, the officers used excessive force in arresting plaintiff because, even after he had been subdued, an officer sprayed pepper spray at him and another officer jumped on his back. The need to train officers with regard to such a routine situation to avoid any constitutional violations is such that Villa Park's failure to train its officers might, depending on the particular circumstances, constitute a deliberate indifference to the deprivation of the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable seizures."

Villa Park argues that there was no notice because allegations that arise out of a single incident are insufficient to show deliberate indifference by the Village of Villa Park to potential constitutional violations in the absence of any allegations of previous such incidents, citing *Cornfield v. Consolidated School District No. 230.*, 991 F.2d 1316, 1327 (7th Cir. 1993), and *Robles v. City of Fort Wayne*, 113 F.3d 732, 737 (7th Cir. 1997). However, the *Cornfield* and *Robles* courts relied in part on *City of Oklahoma v. Tuttle*, a case in which the Supreme Court held that to survive a summary judgment motion, evidence of more than a single incident is required before municipal liability may be found under section 1983. 471 U.S. 808, 824 (1985).

4

In contrast to the procedural posture in *Cornfield*, *Robles*, and *Tuttle*, which were before the Court on review of rulings at the summary judgment stage, the instant case is merely at the pleading stage. A complaint may survive a motion to dismiss through the use of conclusory allegations as long as they provide notice of what customs or policies are at issue. This the plaintiff has done. *See McCormick v. City of Chicago*, 230 F.3d 319, 326 (7th Cir. 2000). The test is not whether the plaintiff has pleaded factual instances demonstrating that an unconstitutional policy exists, but rather whether the policy or custom, once pleaded, can be proved. *Murray v. City of Chicago*, 634 F.2d 365, 367 (7th Cir. 1980).

In *Means v. City of Chicago*, 535 F. Supp. 455, 458 (N.D. Ill. 1982), the plaintiff, an administratrix of the decedent, alleged that decedent's death was caused by a municipal policy of failure to train, supervise and discipline officers, thereby encouraging the use of excessive force. The complaint only detailed the facts of that specific incident, however, "it clearly contemplated proof of more than this incident in order to prove the alleged policy." *Id.* at 460. The *Means* court found that plaintiff's allegations were sufficient to state a claim of a municipal policy, and that the specificity necessary to prove the case would wait for discovery, summary judgment and trial. *Id.*

Similarly, in *Murray v. City of Chicago*, the plaintiff was arrested, strip searched, and imprisoned for several hours on an invalid warrant. 634 F.2d 365, 366 (7th Cir. 1980). The court reversed the district court's granting of defendant's motion to dismiss, finding that, "someone was surely at fault for failing to establish or execute appropriate procedures preventing such serious malfunctioning in the administration of justice." *Id.* at 366. The *Murray* court found the possibility of the existence of such a policy, custom or practice. Thus, if the plaintiff succeeded in proving the allegations stated in the complaint, then "it might be possible to show dereliction

5

of duty of constitutional dimension upon the part of the responsible officials." *Id.* at 367.

Like the plaintiffs in *Means* and *Murray*, the plaintiff in the present case has sufficiently alleged a policy or custom based on the single incident which may have caused a deprivation of his constitutional rights. This Court finds that when read liberally pursuant to federal notice pleading requirements, plaintiff's complaint sufficiently alleges a deficiency in Villa Park's training that caused its employees to act with deliberate indifference toward plaintiff's Fourth Amendment rights. Accordingly, defendant Villa Park's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, the Court denies the Village of Villa Park's motion to dismiss [doc. no. 5-1].

**SO ORDERED**     ENTER: 7/31/03

HON. RONALD A. GUZMAN
**United States Judge**